IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. CR-14-319-01-C |
| | ) | No. CIV-16-1245-C |
| CELIA DEL CARMEN SAMBRANO-ALMAZAN, | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant filed a Motion pursuant to 28 U.S.C. § 2255 seeking to correct or modify her sentence. In support of her Motion, Defendant argues Amendment 794 changed the Sentencing Guidelines and would entitle her to a reduction in her sentence. At the direction of the Court, Plaintiff filed a Response. In its response, Plaintiff argues several reasons to deny Defendant's request. After consideration, the Court finds the Motion must be denied.

To the extent Defendant seeks relief under Amendment 794, bringing this action as a 28 U.S.C. § 2255 proceeding is improper. See United States v. Torres-Aquino, 334 F.3d 939, 941 (10th Cir. 2003) (recognizing that where an Amendment only clarifies an appropriate sentence any request for application of that Amendment must be brought under 28 U.S.C. § 3582(c)(2)).

Further, Defendant's request for relief under § 2255 is untimely. Pursuant to 28 U.S.C. § 2255(f)(1), a Motion must be filed within one year of final judgment. Here, judgment was entered as to Defendant on May 12, 2015. Defendant did not file an appeal; therefore, her conviction was final on the day on which the time for filing her appeal

expired. United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006) (citing Moshier v. United States, 402 F3d 116, 118 (2d Cir. 2005)). The Federal Rules of Appellate Procedure set 14 days as the deadline for filing an appeal. Thus, Defendant's conviction was final on May 26, 2015, and the limitations period for pursuing a 28 U.S.C. § 2255 Motion expired one year later, or May 26, 2016. Defendant did not file the present Motion until October 31, 2016. Therefore, her Motion is untimely.

Finally, as Plaintiff notes in its response, Defendant has executed an appellate waiver as part of her plea agreement. The effect of that waiver is to bar challenges such as the one presently pursued. She has offered nothing in her Motion to permit the Court to ignore the effect of that waiver.

For the reasons set forth herein, Defendant's Motion Under 28 U.S.C. § 2255 to Correct/Modify Sentence Pursuant to U.S.S.G. App. C. Amend. 794 (Dkt. No. 144) is DENIED. A separate Judgment will issue.

IT IS SO ORDERED this 1st day of March, 2017.

ROBIN J. CAUTHRON
United States District Judge